UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PHILLIP POND,<br><br>　　　　　Defendant. | CR. 18-50106-JLV<br><br><br>ORDER |

**INTRODUCTION**

A grand jury indicted defendant Phillip Pond on one count of possession of a firearm by a prohibited person. (Docket 2). Defendant, proceeding *pro se*, now seeks to dismiss the indictment against him based on alleged violations of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. app. 2, § 1 *et seq.* (Dockets 38 & 40). The government resists defendant's motion to dismiss. (Docket 46 at pp. 2-4). Defendant filed a reply brief. (Docket 47 at pp. 5-8). The court finds defendant's motion to dismiss is meritless and denies it. Given the adequate record before it, the court sees no reason to hold an evidentiary hearing on this matter.

**ANALYSIS**

**I.　　Legal Standards**

"The IADA allows a prisoner to demand timely adjudication of an untried indictment pending in another jurisdiction, provided that he gives the prosecutor and appropriate court adequate notice of his desire for a speedy disposition of the

pending matter." United States v. Dooley, 580 F.3d 682, 685 (8th Cir. 2009). "If, however, the prisoner is 'returned to the original place of imprisonment pursuant to Article V(e)' before there has been a trial on the indictment, 'such indictment . . . shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.' " United States v. Macomber, 717 F.3d 607, 610 (8th Cir. 2013) (quoting 18 U.S.C. app. 2, § 2 art. IV(e)). "[T]he United States may return a prisoner in federal custody to the custody of the sending state before trial pursuant to court order if the prisoner and the United States are given 'reasonable notice . . . and an opportunity for a hearing.' " Id. at 610 n.4 (quoting 18 U.S.C. app. 2, § 9(2)).

"It is only when the Government does file a detainer that it becomes bound by the [IADA's] provisions." United States v. Mauro, 436 U.S. 340, 364 n.30 (1978). "[A] writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the [IADA]." Id. at 361. "The federal government's use of a writ of habeas corpus ad prosequendum to obtain custody of a state prisoner does not invoke the IADA." Baxter v. United States, 966 F.2d 387, 389 (8th Cir. 1992). "Such a writ does not constitute a detainer for purposes of the IADA." United States v. Moore, 822 F.2d 35, 37 (8th Cir. 1987).

II.   **Discussion**

Defendant claims he was held in state custody at the Pennington County Jail in Rapid City, South Dakota, on September 18, 2018, the day he was federally indicted.  (Docket 38 at p. 2).  He states he was released from the

2

Pennington County Jail on September 19 on pretrial release. Id. He was arrested again on October 11 "for a Federal ATF weapons charge" and appeared before a South Dakota state magistrate judge on October 12. Id. at p. 3. Defendant contends his arrest on an alleged federal warrant and subsequent appearance before a state magistrate judge violated the IADA's anti-shuttling provision. Id. The government responds that the IADA does not apply because defendant was brought to federal custody by a writ of habeas corpus *ad prosequendum,* that, even if the pending federal warrant were construed as a detainer, defendant never invoked his IADA rights, and defendant has remained in federal custody without being returned to state custody. (Docket 46 at pp. 3-4).

The court finds the IADA is not applicable to defendant's case. There is no indication defendant was arrested on the federal warrant issued pursuant to the indictment against him. Federal Magistrate Judge Daneta Wollmann issued that warrant on September 19 and it was never returned. (Docket 6). Defendant's statement he was brought before a state magistrate judge following his arrest on October 11 indicates he was arrested on state matters. The court finds defendant was not in federal custody when he was brought before the state magistrate judge.

Even if defendant were arrested on the federal warrant and the warrant was treated as a detainer—findings the court does not make—the IADA would not affect the pending federal charge. In that situation, defendant would have

3

first been in federal custody between his arrest on October 11 and his appearance before the state magistrate on October 12. He would then have been transferred to state custody between October 12 and October 31, upon which he would have been returned to federal custody.¹ Defendant does not allege the state ever filed a detainer against him necessitating his transfer to state custody, nor does he allege he asserted his IADA rights. Assuming the state did file a detainer and defendant did properly assert his IADA rights—again, findings the court does not make—the result would be the dismissal of any pending state charges. The state would have been the entity returning defendant to the custody of another sovereign without trying its pending case. On the record before the court, there is no set of conceivable facts which would necessitate the dismissal of the federal indictment.

Defendant entered federal custody on October 31 pursuant to a writ of habeas corpus *ad prosequendum* issued by the federal magistrate judge on October 30. (Dockets 10 & 12). This writ was not a detainer and did not trigger the IADA. Mauro, 436 U.S. at 361. Even were the IADA triggered, defendant

---

¹Defendant was in the same "place of imprisonment"—Pennington County Jail—throughout this time period. 18 U.S.C. app. 2, § 2 art. IV(e). It is unclear whether the IADA's anti-shuttling provision applies when the prisoner is never physically moved from his place of imprisonment but is legally moved between the custody of separate sovereigns. See Baxter, 966 F.2d at 389-90 ("[A]rticle IV(e) of the IADA does not apply when a prisoner is removed from a state prison for a few hours to be arraigned, plead, and be sentenced in federal court without ever being held at any other place of imprisonment and without interrupting the prisoner's rehabilitation in the state prison."). The parties did not brief this question and its answer is unnecessary to resolve the pending motion, since the court finds defendant was not in federal custody before October 31.

was not shuttled between state and federal custody. He was taken into state custody on October 11 and brought into federal custody on October 31. He has remained in federal custody since October 31. Because defendant was not shuttled back and forth between state and federal custody, the anti-shuttling provision of the IADA upon which defendant relies is inapplicable. Accordingly, the court denies defendant's motion to dismiss.

**ORDER**

For the reasons given above, it is

ORDERED that defendant's motion to dismiss the indictment (Docket 38) is denied.

Dated January 24, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE