UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>PHILLIP POND,<br><br>     Defendant. | CR. 18-50106-JLV<br><br>ORDER |

  A grand jury charged defendant Phillip Pond with possessing a firearm as a prohibited person. (Docket 120). His first trial ended in a hung jury. (Docket 162). Defendant is proceeding to a second trial *pro se* after forfeiting his right to counsel. (Dockets 195 & 196). Now pending before the court is defendant's motion to dismiss the indictment for lack of probable cause. (Docket 206). The court denies the motion.[1]

  Defendant states he was arrested pursuant to an arrest warrant on March 18, 2018, at the Staybridge Suites hotel in Rapid City, South Dakota. (Docket 206 at p. 2). But he argues "[o]fficers exceeded the permitted scope of a valid search incident to arrest by further questioning/investigating without Probable Cause[,]" presumably following his arrest. Id. at p. 3. Law enforcement found a gun in the trunk of Kathy American Horse's vehicle following defendant's

---

[1]Because the motion is indisputably meritless and the interests of justice are best served by its prompt resolution, the court excuses the government from its duty to respond.

arrest.[2]  (Docket 179 at pp. 19-22).   Defendant asserts law enforcement had no probable cause to arrest him on a state gun charge and that the charge was a pretext to connect him to the gun.[3]  Id. at p. 4.

Law enforcement did not need probable cause to arrest defendant.  By his own admission, they had an arrest warrant.  And as for defendant's connection to the gun, a federal grand jury twice found probable cause to believe defendant possessed the gun by indicting him for possessing a firearm as a prohibited person.  (Dockets 1 & 120).  The court has no power to abrogate the grand jury's finding and dismiss the indictment.  Kaley v. United States, 571 U.S. 320, 328 (2014) ("The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime."); United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury.").  The motion is denied.

To the extent defendant wished to challenge the search of Ms. American Horse's vehicle, the motion is denied as untimely.  The deadline to file a

---

[2]Ms. American Horse had borrowed the vehicle from a relative.  (Docket 180 at pp. 122-23).

[3]According to defendant, he was arrested for a violation of SDCL § 22-14-9(2), which criminalized carrying a pistol or revolver in a vehicle without a permit.  (Docket 206 at p. 4).  That statute was repealed after defendant's arrest.  2019 S.D. Sess. Laws Ch. 113 § 1.  Contrary to his assertion, it was not a traffic code violation.  (Docket 206 at p. 4).

suppression motion passed on December 3, 2019. (Docket 170). Defendant has not shown good cause for an untimely motion under Federal Rule of Criminal Procedure 12(c)(3). In any event, such a motion would be undoubtedly frivolous, as prior counsel recognized. Even setting aside the question as to whether defendant would have standing to challenge a search of Ms. American Horse's vehicle, she testified at defendant's first trial that she gave consent for the search. (Docket 180 at pp. 128-29).

No good cause shown, it is

ORDERED that defendant's motion to dismiss the indictment (Docket 206) is denied.

Dated June 11, 2020.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        UNITED STATES DISTRICT JUDGE