UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>PHILLIP POND,<br><br>            Defendant. | CR. 18-50106-JLV<br><br>ORDER |

A grand jury charged defendant Phillip Pond with possessing a firearm as a prohibited person. (Docket 120). His first trial ended in a hung jury. (Docket 162). Defendant is proceeding to a second trial *pro se* after forfeiting his right to counsel. (Dockets 195 & 196). The court recently set this case as a backup for trial on July 28 and as the number one trial on September 8. (Docket 218). Defendant objects to the court's scheduling order. (Docket 221). He asserts the trial dates violate his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and asks the court to "produce the amount of days remaining on the Trial Clock" and order the government to show "Manifest Necessity for a new trial[.]" Id. The court overrules the objection.

The court may continue a trial "on [its] own motion" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The delay resulting from such a continuance is excluded from the time in which a trial must take place under the Speedy Trial Act. Id. The Act lists

non-exclusive factors for the court to consider in its ends of justice analysis.  Id. at § 3161(h)(7)(B).

The court continued the trial to permit both parties "to locate and transport witnesses safely" in the midst of the ongoing COVID-19 pandemic.[1] (Docket 218 at p. 1).  Defendant characterizes the court's decision as "not persuasive" or "reasonable" because it allegedly violates his right to a speedy trial.  (Docket 221 at p. 2).  The court took defendant's right to a speedy trial in its ends of justice balancing analysis.  However, the court concluded the safety of witnesses, court personnel, jurors and the parties in the midst of a global pandemic justified a short continuance, despite defendant's unwillingness to waive his speedy trial rights.[2]  The court stands by its ruling.

Defendant has no right for the court to calculate the time remaining for trial under the Speedy Trial Act.  United States v. Adejumo, 772 F.3d 513, 521 (8th Cir. 2014) ("It is the defendant's burden to show" a Speedy Trial Act violation.).  However, given defendant's *pro se* status, the court will calculate the time remaining.  Because the government has not provided its perspective on the speedy trial time remaining, this calculation is necessarily informal and will not bind the court if a future challenge to the calculation is made.  The 70-day

---

[1] The government intends to call incarcerated witnesses, who are at an elevated risk of infection by virtue of their confinement in a crowded prison setting.

[2] The court informed defendant of its scheduling plans at a June 11 hearing.  Defendant did not waive his speedy trial rights at the hearing, but notably did not raise any of the arguments he now asserts in his objection.

clock began to run when the court declared a mistrial on October 31, 2019.[3] 18 U.S.C. § 3161(e). The clock was stopped on November 7 when former defense counsel moved for a competency evaluation, resulting in seven elapsed days. Id. at § 3161(h)(1)(A). The clock began to run again on April 22, 2020, when the court found defendant competent. (Docket 190). However, the clock was stopped again that same day. (Docket 191). The court entered a scheduling order acknowledging all trials were continued to July 7 under the court's First Amended Standing Order 20-03 due to the pandemic. Id. Finally, on June 16, the court entered the present scheduling order continuing this case to September 8, with the possibility of a backup trial date on July 28. (Docket 218).

Seven of defendant's 70 days for trial under the Speedy Trial Act have elapsed. The Act has not been violated. Nor has defendant's Sixth Amendment right to a speedy trial been violated. "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003). Under the factors outlined in Barker v. Wingo, 407 U.S. 514 (1972), the court weighs heavily the reason for the delay in this case—the need to determine defendant's competency and the

---

[3]The clock may have started on November 7, when the government noticed its intent to retry defendant. (Docket 169). In the event of a retrial, the clock starts "from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). Because the government could have declined to retry defendant, its notice of retrial was arguably the date the retrial became inevitable. However, the court will give defendant the benefit of the doubt and calculate the remaining time beginning October 31.

3

pandemic.  See Titlbach, 339 F.3d at 699 (listing factors).  These factors could not have been changed.[4]  Whatever prejudice defendant has suffered was unavoidable.

Finally, defendant asserts the government "has not even produced a showing of Manifest Necessity for a new trial[.]"  (Docket 221 at p. 2) (citing Crist v. Bretz, 437 U.S. 28 (1978)).

> Constitutional protections against retrial attach when a jury is empaneled and sworn, even before opening statements are made. [Defendant's] constitutional protections, barring an appropriate mistrial, had kicked in because jeopardy attached when the first jury was empaneled.  But retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused. Mistrial may be declared whenever, in the trial judge's opinion, taking all the circumstances into consideration, there is a manifest necessity for the mistrial.

Fenstermaker v. Halvorson, 920 F.3d 536, 540 (8th Cir. 2019) (internal quotations, citations and alteration omitted).  "A non-capital case with a hung jury usually results in an automatic retrial based on manifest necessity. Jeopardy continues, establishing a slate wiped clean for the jury in the second trial."  United States v. Peoples, 360 F.3d 892, 895 (8th Cir. 2004).

The government did not have a responsibility to show manifest necessity for a new trial.  The court found that manifest necessity existed, based on the

---

[4]The court also notes its prior conclusion that "defendant feigned or exaggerated mental instability to trick his attorneys and the court into ordering his transfer to other facilities."  (Docket 195 at p. 11).  A large chunk of the delay in obtaining a retrial is due to defendant's own obstreperousness.

4

well-established rule that a hung jury automatically merits a mistrial and a new trial, when it declared a mistrial.

No good cause shown, it is

ORDERED that defendant's objection to the court's scheduling order (Docket 221) is overruled.

Dated June 24, 2020.

> BY THE COURT:
>
> /s/ *Jeffrey L. Viken*
> JEFFREY L. VIKEN
> UNITED STATES DISTRICT JUDGE