UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PHILLIP POND,<br><br>　　　　　Defendant. | CR. 18-50106-JLV<br><br>ORDER |

A grand jury charged defendant Phillip Pond with possessing a firearm as a prohibited person. (Docket 120). Defendant is presently held in the custody of the United States Marshal Service ("USMS") at the Pennington County Jail ("Jail"), located in Rapid City, South Dakota. His first trial ended in a hung jury. (Docket 162). Defendant is proceeding to a second trial *pro se* after forfeiting his right to counsel. (Dockets 195 & 196). The second trial is set to begin on July 28, with a pretrial conference to be held on July 16. (Docket 218). Now pending before the court is defendant's motion for "relief from the ongoing deprevation [sic.] of medical attention and dental attention[.]" (Docket 231 at p. 1). The government opposes the motion. (Docket 242-2). Prior to considering the motion, the court ordered the Jail to disclose defendant's medical and dental records. (Docket 232). After carefully reviewing the Jail records and the submissions of the parties, the court denies the motion.

"Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983[.]"[1] Morris v. Cradduck, 954 F.3d 1055, 1058 (8th Cir. 2020). "To establish a constitutional violation, a detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded." Id.

Defendant asserts he suffers from sleep apnea, needs crowns placed on "several teeth" and is afflicted by feet fungus and "extremely painful" hang nails. (Docket 231 at pp. 1-2, 5). USMS medical providers are aware of these concerns and are working to treat them. On June 22, 2020, a USMS provider noted defendant did not display symptoms consistent with sleep apnea "such as snoring, witnessed apneic episodes, . . . report[s] of waking up gasping for breath or day time fatigue." (Docket 242-3 at p. 2). The provider also attributed defendant's dental pain to bruxism (teeth grinding) and noted he had been provided with a sleep aid and rubber mouth guards to treat the disorder, although the treatments had been ineffective.[2] Id. Jail records indicate medical providers there are aware of his toenail issues and have provided treatment, including foot soaks and antifungal cream. A wedge

---

[1] Defendant makes his claim not as part of a separate civil action under 42 U.S.C. § 1983, but in the context of his ongoing criminal case. The claim is not cognizable in this criminal action. However, because the claim fails on the merits, the court will not require additional litigation.

[2] Jail medical records indicate the treating dentist offered tooth extraction as a treatment, but defendant rejected it. The government asserts the USMS will not provide tooth crowning to prisoners. (Docket 242-2 at p. 3).

2

resection of the medial nail—a treatment for ingrown nails involving partial or full nail removal—was offered to defendant, but he rejected it.

Assuming these conditions are objectively serious, it is evident that medical providers with the Jail and USMS are aware of the conditions and are actively treating them. Defendant may disagree with their treatment choices—and some may be less effective than he hopes for—but "inmates have no constitutional right to receive a particular or requested course of treatment[.]" Dulaney v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). The Jail and USMS are not deliberately indifferent to defendant's medical needs.

Accordingly, it is

ORDERED that defendant's motion for medical treatment (Docket 231) is denied.

Dated July 13, 2020.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE